UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEOCHEM INCORPORATED; aka | § | |
| NEOCHEM CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-681 |
| | § | |
| SOJITZ CORPORATION OF AMERICA; fka | § | |
| NICHIMEN AMERICA, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Sojitz Corporation of America's ("Sojitz") Motion to Dismiss (Doc. 21), as well as Plaintiff Neochem Incorporated's ("Neochem") response (Doc. 23). Also pending before the Court is Defendant Maruzen Petrochemical Co. Ltd.'s ("Maruzen") Motion to Dismiss (Doc. 32), as well as Neochem's response (Docs. 35–37), Maruzen's reply (Doc. 38), Neochem's surreply (Doc. 39–41), and Maruzen's surreply (Doc. 44). Upon review and consideration of these motions, the responses, replies, and surreplies thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendant Sojitz's Motion to Dismiss should be granted in part and denied in part and Defendant Maruzen's Motion to Dismiss should be granted.

I. Background and Relevant Facts

This is a breach of contract case in federal court pursuant to diversity jurisdiction. On November 29, 2000, Neochem and Sojitz (formerly known as Nichimen America, Inc.) signed a two-page written contract. (Docs. 20-2 and 20-3.) Neochem alleges that it and Defendant Maruzen had an oral contract pertaining to Diisobutylene ("DIB") produced by Maruzen.

(Doc. 20 at ¶ 7.) The written contract provides that Sojitz would be the sole importer and North American distributor of 95% pure DIB produced by Maruzen, with the exception of two companies. (*Id.*) Sojitz further promised to provide Neochem up to 8,500 metric tons of Maruzen's 95% pure DIB in 2001 and for each calendar year thereafter until one party gave written notice to the other party 95 days before the end of each calendar year. (*Id.*) Neochem claims that the following amounts of DIB were provided by the Defendants:

    2004 – 6498 metric tons
    2005 – 7114 metric tons
    2006 – 7520 metric tons
    2007 – 6970 metric tons
    2008 – 1000 metric tons
    2009 – 0 metric tons

(*Id.* ¶ 10.)

Neochem alleges that it performed its obligations under the contract, but that in 2008 "Maruzen and Sojitz, jointly or severally, breached the contract by failing to perform the contractual obligation to provide the quantity of [DIB] as promised." (*Id.* at ¶ 8.) Specifically, Neochem claims that "[t]he defendants failed to make available to Neochem 8500 metric tons (18,739,100 pounds) of Maruzen 95% DIB in 2008." (*Id.* at ¶ 10.) Neochem also claims that the defendants knowingly and intentionally "breached the contract by mixing DIB with an inferior DIB resulting in contamination of the entire amount." (*Id.* at ¶ 11.) Finally, as a result of Defendants' breach, Neochem claims that it suffered harm to its "reputation and standing resulting in a loss of business[.]" (*Id.* at ¶ 13.) Neochem also brings a claim for fraudulent misrepresentation. (*Id.* at ¶ 16.) Neochem seeks lost profits, attorneys' fees, and costs. (*Id.* at ¶ 18.)

On February 9, 2009, Neochem filed suit in the 127th Judicial District Court of Harris County, Texas, in cause number 2009-07880. (Doc. 1-2 at 5.) On March 9, 2009, Sojitz

removed the case to this Court on the basis of diversity jurisdiction. (*Id.* at 1.) Defendants Sojitz and Maruzen now separately move for dismissal.

II. Standard of Review

Rule 8(a)(2) requires the plaintiff to make a "short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The function of a complaint is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544. 555 (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face. *Id.* at 569. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It is the court's responsibility to determine whether the plaintiff has stated a legally

cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Id.* However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Nevertheless, Rule 9(b) requires "more than a simple allegation that a defendant had fraudulent intent." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Adequate scienter requires a plaintiff to "set forth specific facts that support an inference of fraud." *Id.*; *see Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992) ("The courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint *also* sets forth specific facts that makes it reasonable to believe that defendant knew that a statement was materially false or misleading.") (emphasis in original); *DiLeo v. Ernst & Young*, 901 F.2d 624, 629 (7th Cir. 1990) ("Although Rule 9(b) does not require 'particularity' with respect to the defendants' mental state, the complaint must still afford a basis for believing that plaintiffs could prove scienter"), *cert. denied*, 498 U.S. 941 (1990); *cf. Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir.

1990) (requiring plaintiffs who allege fraud "to plead the factual basis which gives rise to a strong inference of fraudulent intent." (internal quotation omitted)).

The Fifth Circuit strictly interprets Rule 9(b) as requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 208 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001)). "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

III. Discussion

In Texas, a claim for fraud must allege "(1) that a material representation was made; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; (6) that he thereby suffered injury." *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1287 (5th Cir. 1991) (citing *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex. 1977)).

In support of its fraudulent misrepresentation claim, Neochem's first amended complaint[1] filed in this Court on October 9, 2009, states:

> 16. [Defendants] made material misrepresentations to Neochem and the misrepresentations were false. When the misrepresentations were made,

---

[1] This document was filed in this case in federal court, but is incorrectly titled "Plaintiff's First Amended Original Petition" (Doc. 20).

> the defendants knew the misrepresentations were false, or recklessly, as a positive assertion, and without knowledge of its truth [*sic*]. The representations were made with the intent that Neochem act on such representations and such representations caused injury to Neochem. The defendants made false promises of future performance. The representation was made knowingly and willingly. Neochem relied on the representations and damages to Neochem resulted.

(Doc. 20 at ¶ 16.) Plaintiff's response to Sojitz's motion to dismiss also fails to state with any particularity the circumstances constituting the alleged fraud as required by Fed. R. Civ. P. 9(b). Neochem's fraudulent misrepresentation claim must therefore be dismissed.

Defendant Maruzen asks to be dismissed from this suit because it is not in privity of contract with Neochem and because the statute of frauds prevents bars Neochem's claim for breach of an oral contract. (Doc. 32 at 2.) To support a breach of contract claim in Texas, Neochem must plead (1) the existence of a valid, enforceable contract; (2) privity between the parties; (3) performance or tendered performance by the plaintiff; (4) breach of the contract by the defendant; and (5) injury to the plaintiff as a result of the breach. *Valero Mktg. & Sup. Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 1995, no writ). In support of the first and second elements of a breach of contract claim, the existence of a valid, enforceable contract and privity between the parties, Neochem alleges that Maruzen "made verbal agreements with Neochem." (Doc. 20 at 3.) This statement fails to plead any supporting facts beyond a mere recitation of the two elements.

The elements of a valid contract are (1) offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it mutual and binding. *Prime Prods. Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Maruzen is not a party to the written contract between Neochem and Sojitz. Neochem's complaint fails to plead any facts supporting

the inference that there was a valid oral contract between it and Maruzen. Assuming, *arguendo*, that the Court were to find a valid oral contract between Neochem and Maruzen, such a contract would be unenforceable because it would violate the statute of frauds. A contract "to provide Neochem up to 8,500 metric tons of Maruzen 95% DIB" is an agreement for the sale of goods for $500 or more, which the Texas statute of frauds requires be made in writing and signed by the party against whom enforcement is sought. *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 469 (5th Cir. 2002). "The lack of such a writing bars enforcement of the alleged oral contract." *Id.* (citing Tex. Bus. & Com. Code § 2.201(a)).

In its response, Neochem points to negotiations it had with Maruzen that culminated in an unsigned contract titled "Draft of Agreement." (Docs. 40-2 and 40-3.) What these communications show, however, is that Neochem attempted to interest Maruzen in an agreement that was never finalized. (Doc. 39-7 (Letter from Neochem to Maruzen asking for Maruzen's "pricing objectives" and stating that Neochem "knows . . . how to produce DIB . . ., the legal system, the culture, and how to get things done." (emphasis in original)); Doc. 39-8 (Letter from Neochem requesting "the prices you require for 95% and 98% DIB as soon as possible." (emphasis in original)); Doc. 39-9 (Letter from Neochem thanking Maruzen for visiting Neochem in Houston); Doc. 40 (Maruzen fax to Neochem, stating "Attached is just a draft."); Doc. 40-1 ("I hope to visit your office and have a lunch together in the next week.").)

IV. Conclusion

Accordingly, the Court hereby ORDERS that Defendant Sojitz Corporation of America's Motion to Dismiss (Doc. 21) is GRANTED IN PART and DENIED IN PART. Plaintiff's claim for fraudulent misrepresentation is DISMISSED with prejudice.

The Court further ORDERS that Defendant Maruzen Petrochemical Co. Ltd.'s Motion to Dismiss (Doc. 32) is GRANTED.  Maruzen is dismissed from this case.

SIGNED at Houston, Texas, this 20th day of September, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE